Filed 1/23/14  In re A.R. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.R., N.R., and J.W., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B249495 (Super. Ct. No. J068502, J068503, J068504) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. TERRY W., Defendant and Appellant. | |

Terry W. appeals from an April 18, 2013 order terminating his parental rights to A. R. (age 16), Nicole R. (age 15), and Jayden W. (age 5) and freeing the girls for adoption.  (Welf. & Inst. Code, § 366.26.)[1]  Appellant contends that the beneficial parent-child relationship exception precludes the girls' adoption. (§ 366.26, subd. (c)(1)(B)(i).)  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code.

*Factual and Procedural History*

Appellant and Christina R. are the parents of A., Nicole, and Jayden.   On September 27, 2011, the Ventura police removed the family from a home that was "yellow tagged" for no working utilities.  A code enforcement officer reported that appellant and mother "took over" the house after it was foreclosed upon.  The front door was barricaded shut and the toilet was filled with urine and feces.   Pornography and debris were on the floor and the walls were covered with graffiti depicting sexual images and drug terminology.  Alcohol and weapons were accessible to the children and dirty clothes and empty beer cans were scattered about.  No food was in the house other than a moldy bagel, a half gallon of milk, and two cartons of rotting milk.

Ventura County Human Services Agency (HSA) filed dependency petitions on October 4, 2011, for failure to protect (§ 300, subd. (b)), serious emotional damage (§ 300, subd. (c)), and no provision for support (§ 300, subd. (g)).  The petitions alleged that appellant and mother suffered from long term substance abuse and had a significant criminal history.  Mother was in jail and unable to provide for the children.  The detention report stated that appellant was arrested in June 2011, for being under the influence of a controlled substance and child endangerment during a traffic stop.  Jayden was in the car without a car baby seat.  A week later, appellant was arrested for being under the influence of a controlled substance.

The trial court detained the children and ordered reunification services and supervised visits.

At the April 16, 2013 six-month review hearing, HSA reported that the mother had missed drug tests, had not enrolled in a substance abuse treatment program, and appeared to be under the influence of a controlled substance at a supervised visit.  Appellant was not enrolled in a drug treatment program, had missed drug tests, and was still living in the yellow-tagged house.

At the 12-month review hearing, HSA reported that the mother had been arrested for a drug treatment violation and was arrested on another occasion for

2

trespassing and resisting arrest. Mother was not following the case plan and failed to remain drug free or submit to regular drug testing.

HSA reported that appellant was recently arrested for resisting arrest and being under the influence and was arrested a second time on an outstanding warrant for possession of a controlled substance and being under the influence of a controlled substance. Appellant was not following the case plan, had missed all his drug tests, and had not found housing.

The trial court terminated services and set the matter for a permanent plan hearing. (§ 366.26.) Appellant filed a petition for extraordinary writ relief which was denied in an unpublished opinion. (B245431.)

At the contested section 366.26 hearing, the evidence showed that the three girls were living in the same foster home and adoptable. A. wanted to be adopted. Nicole did not want to be separated from her sisters and "wants to be adopted as quickly as possible if she is unable to return home." Appellant claimed that termination of parental rights would be detrimental to five-year-old Jayden but admitted that he was incapable of caring for the girls.

The trial court found that the children were adoptable and the parent-child beneficial relationship exception did not apply. We review for substantial evidence and determine whether the trial court abused its discretion in concluding that the parent-child was not proven or significant enough to compel a plan other than adoption. (*In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1314-1315.)

*Parent-Child Beneficial Relationship*

Appellant argues that the beneficial parent-child relationship exception precludes adoption. (§ 366.26, subd. (c)(1)(B)(i).) "Because a parent's claim to such an exemption is evaluated in light of the Legislature's preference for adoption, it is only in exceptional circumstances that a court will chose a permanent plan other than adoption. [Citation.]" (*In re Scott B*. (2010) 188 Cal.App.4th 452, 469.) To establish the beneficial relationship exception, appellant must prove that he maintained regular visitation and

3

contact with the girls and that benefits of continuing the parent-child relationship outweigh the benefits of adoption. (See *In re C.F* (2011) 193 Cal.App.4th 549, 554 [sporadic visitation not enough]; *In re Marcelo B*. (2012) 209 Cal.App.4th 635, 643 ["frequent and loving contact" not sufficient to establish beneficial parental relationship].)

Although the regular contact/visitation prong was satisfied, there is no evidence that "severing the natural parent-child relationship would deprive the [girls] of a *substantial*, positive emotional attachment such that the [girls] would be *greatly* harmed. [Citations.]" (*In re Angel B*. (2002) 97 Cal.App.4th 454, 466.) The two older girls, Alyssa and Nicole, stated that they want to be adopted but do not want to hurt their parents' feelings. The girls requested that the adoption be completed as quickly as possible and were "hopeful their parents do not put up any barriers to prevent them from doing so."

Sixteen-year-old A. wants a stable and permanent home, something that appellant never provided. It is an on-going concern because A. and Nicole were subjected to three foster care placements and struggled to find stability. Five-year-old Jayden has been out of her parents care for two years, needs a stable adoptive home, and is bonded to her foster parents. The foster parents are committed to adopting the girls and reported that they would allow contact between the parents and the girls if it was in the girls' best interest.

Appellant made no showing that severing the parent-child relationship would deprive the girls of a substantial, positive emotional attachment such that the child would be greatly harmed if parental rights were terminated. (*In re Autumn H*. (1994) 27 Cal.App.4th 567, 575.) The record shows that appellant failed to progress beyond supervised visits, failed to comply with the case plan or obtain housing and, in the words of his trial attorney, "has been on a downward spiral . . . ." The trial court reasonably concluded that appellant's relationship with the girls does not outweigh the permanency and stability of an adoptive placement that the girls so badly need. (*In re Angel B., supra,* 97 Cal.App.4th at p. 468.) "The reality is that childhood is brief; it does not 'wait until a

4

parent rehabilitates himself or herself.  The nurturing required must be given by someone, at the time the child needs it, not when the parent is ready to give it."  (*In re Debra M.* (1987) 189 Cal.App.3d 1032, 1038.)

The judgment (section 366.26 order terminating parental rights) is affirmed..

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.

We concur:\


GILBERT, P.J.


PERREN, J.

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____

Jack A. Love, under appointment by the Court of Appeal, for Appellant

Leroy Smith, County Counsel, County of Ventura and Linda /Stevenson, Assistant County Counsel, for Respondent.